# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-cv-00217-MR
# [CRIMINAL CASE NO. 1:11-cr-00063-MR-DLH-1]

| | |
|---|---|
| ROSALIO MALDONADO-TREJO,  )<br>)<br>Petitioner,  )<br>)<br>vs.  )<br>)<br>UNITED STATES OF AMERICA,  )<br>)<br>Respondent.  )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1]. For the reasons that follow, the Court dismisses the petition.

## PROCEDURAL HISTORY

On December 22, 2011, *pro se* Petitioner Rosalio Maldonado-Trejo pleaded guilty in this Court, pursuant to a written plea agreement, to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(b)(1)(A). [Criminal Case No. 1:11-cr-63-MR-DLH-1 ("CR"), Doc. 12: Plea Agreement; Doc. 16: Acceptance and Entry of Guilty Plea]. The parties stipulated in the plea agreement that the amount of

methamphetamine that was known to or reasonably foreseeable by Petitioner was in excess of 500 grams, but less than 1.5 kilograms. [CR Doc. 12 at 2].

In preparation for Petitioner's sentencing hearing, the probation office prepared a Presentence Investigation Report ("PSR"), calculating a total offense level of 35, and a criminal history category of I, yielding an advisory sentencing guidelines range of 168 to 210 months of imprisonment. [CR Doc. 24 at ¶ 48: PSR]. The PSR also noted that the statutory term of imprisonment for the 21 U.S.C. § 841(b)(1)(A) violation was not less than 10 years of imprisonment and not more than life. [Id. at ¶ 47].

In calculating the total offense level of 35, the PSR began with a base offense level of 36 under U.S.S.G. § 2D1.1(c)(2), based on the amount of methamphetamine attributable to Petitioner. [Id. at ¶ 12]. The PSR assessed a two-point increase in Petitioner's base offense level under U.S.S.G. § 2D1.1(b)(1), which provides for a two-point sentencing enhancement "[i]f a dangerous weapon (including a firearm) was possessed" by the defendant during the commission of the offense. [Id. at ¶ 13]. More specifically, the PSR stated that "[t]he evidence reflects firearms were in close proximity to the methamphetamine seizure. The dangerous weapons, (a Colt .45 caliber, semi-automatic pistol and a F.I.E. .25 caliber, semi-

automatic pistol) were located on top of the cabinet containing the actual methamphetamine package, therefore a 2-level increase is added pursuant to U.S.S.G. § 2D1.1(b)(1)." [Id.]. Furthermore, Petitioner received a three-point decrease based on acceptance of responsibility under U.S.S.G. § 3E1.1. [Id. at ¶¶ 19, 20].

On November 19, 2012, this Court sentenced Petitioner to 168 months' imprisonment, a sentence which was at the low end of the applicable guidelines range. [Id., Doc. 26: Judgment]. Judgment was entered on December 13, 2012, and Petitioner did not appeal. [Id.]. On November 12, 2015, this Court reduced Petitioner's sentence under Amendment 782 to the sentencing guidelines from 168 to 135 months' imprisonment. [Id., Doc. 35: Order].

Petitioner placed the instant petition in the prison mailing system on June 20, 2016, and it was stamp-filed in this Court on June 27, 2016. [Doc. 1]. In the Section 2255 petition, Petitioner contends that he is entitled to relief under Johnson v. United States, 135 S. Ct. 2551 (2015).

## STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings"

3

in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

As noted, judgment was entered against Petitioner on December 13, 2012, and Petitioner did not appeal. His conviction, therefore, became final fourteen days later when the time for filing a notice of appeal expired. See United States v. Clay, 537 U.S. 522, 524-25 (2003) (when a defendant does not appeal, his conviction becomes final when the opportunity to appeal expires); Fed. R. App. P. 4(b)(1)(A). Petitioner placed the instant motion to vacate in the prison mailing system on June 20, 2016, well over one year after his conviction became final. See Houston v. Lack, 487 U.S. 266, 275-76 (1988) (noting that, under the prison mailbox rule, a prisoner's document is deemed filed on the date it is delivered to prison officials for mailing). Because Petitioner did not file the instant Section 2255 petition within a year of when his conviction became final, his petition is subject to dismissal as untimely under Section 2255(f)(1).

Petitioner appears to contend in his motion to vacate and in his supporting memorandum, however, that the petition is timely under Section 2255(f)(3) because it was filed within one year of the Supreme Court's decision in Johnson. [See Doc. 1 at 12; Doc. 1-1 at 1-2]. Johnson, however, has no application to Petitioner's conviction and sentence. In Johnson, the Supreme Court held that the residual clause of the definition of "violent

felony" set forth in the Armed Career Criminal Act ("ACCA") is void for vagueness. Johnson, 135 S. Ct. at 2556, 2558. Johnson, 135 S. Ct. at 2556, 2558. Here, Petitioner received a two-point increase to his base offense level under U.S.S.G. § 2D1.1(b)(1)[1] not because of any prior "violent felony" convictions, but rather because firearms were found near the drugs he was convicted of possessing with the intent to distribute under 21 U.S.C. § 841(b)(1)(A).[2] Thus, Johnson simply has no effect on Petitioner's sentence in this case. Accord United States v. Romero, No. 05-20017-02-JWL, 2016 WL 4128418, at *1 (D. Kan. Aug. 3, 2016) (stating that Johnson has no effect on the firearm enhancement under U.S.S.G. § 2D1.1(b)(1)); United States v. Munoz, No. 16-cv-2444, 2016 WL 4059225, at *3 (D. Minn. July 29, 2016) (same); accord United States v. Beckham, Crim. No. 0:10-1212-CMC, 2016 WL 3941021, at *2 (D.S.C. July 21, 2016) (same); Heard v. United States, No. 8:16-cv-1475-T-30AAS, 2016 WL 3219718, at *2 (M.D. Fla. June 10, 2016) (same); Carrasco v. United States, No. 16-cv-3952, 2016 WL 3275397, at *2 (S.D.N.Y. June 3, 2016) (same).

---

[1] Petitioner incorrectly asserts in his motion to vacate and supporting memorandum that his sentence was enhanced under U.S.S.G. § 2K2.1, rather than U.S.S.G. § 2D1.1(b)(1). [Doc. 1-1 at 3].

[2] In fact, § 2D1.1 does not provide for any enhancements based on prior "violent felony" convictions.

## CONCLUSION

For the reasons stated herein, the Court will dismiss Petitioner's Motion to Vacate.

The Court finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## **O R D E R**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate [Doc. 1] is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: August 19, 2016

Martin Reidinger
United States District Judge